UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------x
KITT SCOTT,                       :

              Plaintiff,      :     98 Civ. 7245 (LMM)

      - against -              :     MEMORANDUM AND ORDER

CELLCO PARTNERSHIP,               :
d/b/a VERIZON WIRELESS,
                                  :
              Defendant.
                                  :
----------------------------------x

McKENNA, D.J.

**1.**

      Plaintiff moves for reconsideration of that part of the Court's Memorandum and Order of March 1, 2006 ("March 1 Order") in which the Court denied plaintiff's request for an adverse inference instruction allowing the jury to draw an inference against defendant that plaintiff's medical expenses would have been fully covered by insurance (March 1 Order § 2.ix.)

      Defendant's response to the motion does not state whether or not, among or in addition to the documents relating to plaintiff's performance that it produced to plaintiff on or about February 14, 2006, there were included "individual sales records, other sales reports, equipment logout sheets . . . and the 'Sales Plan' or similar documents which explain how sales were credited to sales people." (Pl. Mot. for Reconsideration, Mar. 13, 2006, at 4.) If it has, it is to so advise the Court upon receipt hereof;

if not, it is to do so (and advise the Court that it has done so) within three weeks of the date hereof, or, if it cannot do so, at all or completely, to supply plaintiff and the Court with an affidavit by a knowledgeable and responsible employee of defendant explaining that inability.

Decision on the motion for reconsideration is reserved until the Court is informed as directed.

## 2.

Defendant seeks clarification or reconsideration of a number of issues considered in the March 1 Order.

Defendant seeks modification of the date on which plaintiff is to produce transcripts of tape recordings described in § 1.iv. of the March 1 Order. The Court hopes that counsel have managed to sort this timing question out between them.

Clarifying § 1.v. of the March 1 Order, plaintiff may testify (if she chooses to do) that defendant opposed her application for unemployment and as to the result of the proceedings. It is not a retaliation claim as such, but is not irrelevant to the collective state of mind of defendant in regard to plaintiff.

As regards the discussions of damages in § 2.i. of the March 1 Order, the Court, upon defendant's request for reconsideration, adheres to its original decision. The EEOC Enforcement Guide: Compensatory and Punitive Damages (2.

Nonpecuniary Losses) draws distinctions between damage categories which support plaintiff's position that the statement that she will not pursue damages for emotional stress and psychological harm does not preclude recovery as to all nonpecuniary damages. There is case law to similar effect, e.g., Cowan v. Prudential Ins. Co. of America, 852 F.2d 688, 690 (2d Cir. 1988) (". . . Cowan testified that Prudential's failure to promote him caused him severe emotional distress, humiliation, and loss of self esteem.") The foregoing does mean that comments on Plaintiff's Requests to Charge No. 20 will not be considered.

Defendant devotes the largest part of its argument to seeking reconsideration of the March 1 Order's ruling on defendant's proposed testimony by the motion picture actor Robert DeNiro. (See March 1 Order § 2.x.) Neither defendant, who seeks reconsideration nor plaintiff, who opposes, have supplied copies of the deposition testimony of plaintiff regarding Mr. DeNiro, nor of Mr. DeNiro's deposition testimony. Defendant is to supply the Court with such copies upon receipt hereof.

Decision on the motion for reconsideration on this issue is reserved until the Court has received such copies.

SO ORDERED.

Dated: April 17, 2006

                                              Lawrence M. McKenna
                                              U.S.D.J.